***NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY

                                :
RICHARD KAPLAN,                 :
                                :   Civil No.    13-2554  (NLH),
          Petitioner,           :                13-5295  (NLH),
                                :                14-1007  (NLH),
     v.                         :                14-1740  (NLH)
                                :   Crim. No.    07-329   (NLH),
UNITED STATES OF AMERICA,       :                08-581   (NLH)
                                :   OPINION
          Respondent.           :
                                :
```

APPEARANCES:
Richard Kaplan, # 28621-050
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963
     Petitioner, Pro se


HILLMAN, District Judge

    Presently before the Court is the motion of Petitioner Richard Kaplan requesting that this Court appoint him counsel, provide him an evidentiary hearing, and transport him to that hearing, which Petitioner filed in both of his criminal cases as well as in one of his civil actions brought pursuant to 42 U.S.C. § 1983 and three of his habeas corpus dockets.  (Docket No. 07-cr-329 at ECF No. 58; Docket No. 08-cr-581 at ECF No. 82; Docket No. 14-cv-1740 at ECF No. 20; Docket No. 13-cv-2554 at ECF No. 25; Docket no. 13-cv-5295 at ECF No. 26; Docket No. 14-cv-1007 at ECF No. 15).  This motion arises out of Petitioner's previous motion pursuant to Rule

60(b) for relief from this Court's dismissal of Petitioner's various habeas matters, which this Court has already denied by way of a unified opinion filed in all three habeas matters. (*See* Docket Nos. 13-cv-2554 at 26-27; Docket Nos. 14-cv-1007 at 16-17; Docket Nos. 13-cv-5295 at 27-28). For the following reasons, this Court denies Petitioner's motion as moot.

I.  BACKGROUND

As this Court provided a recitation of the basic facts surrounding Petitioner's various federal cases in its previous opinion denying Petitioner's Rule 60(b) motion, see Kaplan v. United States, Nos. 13-cv-2554, 13-cv-5295, and 14-cv-1007, 2015 WL 8780289, at *1-3 (D.N.J. Dec. 15, 2015), only a very brief recitation of the facts is necessary for the disposition of the current motion. In October 2015, following a filing in an unrelated case, Petitioner filed a motion "directing all courts to reverse [their] erroneous decisions" as to Petitioner's various cases, a motion which this Court construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 1-2. Petitioner essentially argued that he should be relieved from this Court's dismissal of three of his prior habeas matters on time-bar grounds because he had "newly"

2

discovered that a witness in one of his criminal convictions was allegedly a government agent and not an informant as previously stated.  Id. at 2-3.  Petitioner's assertions and allegations, however, were based upon a misreading of an order filed by Magistrate Judge Clark in another of Petitioner's civil cases, Kaplan v. Garafalo, Docket No. 15-cv-1150.  Id.  Because Petitioner's Rule 60(b) motion was based on a false premise arising out of that misreading, and because Petitioner had in any event failed to show that he was entitled to relief under the rule, this Court denied Petitioner's Rule 60(b) motion, as well as several related motions.  Id. at 3-4.

After this Court had reached a decision on Petitioner's Rule 60(b) motion, but before the opinion and order denying the 60(b) motion and several related motions was filed, Petitioner filed the instant motion on November 30, 2015.  In his current motion, Petitioner requests that this Court appoint him counsel, hold an evidentiary hearing, and order that Petitioner be transported to that hearing so that Petitioner can show that he is entitled to relief on his now-denied 60(b) motion.  Petitioner filed identical copies of this motion in both of his criminal cases, one § 1983 case, and all three of his habeas cases, all of which had been closed for a considerable period of time before Petitioner filed

3

his Rule 60(b) motion. (See Docket No. 07-cr-329 at ECF No. 58; Docket No. 08-cr-581 at ECF No. 82; Docket No. 14-cv-1740 at ECF No. 20; Docket No. 13-cv-2554 at ECF No. 25; Docket no. 13-cv-5295 at ECF No. 26; Docket No. 14-cv-1007 at ECF No. 15).

**II. DISCUSSION**

In his current motion, Petitioner seeks to have this Court assign him counsel, hold a hearing, and transport Petitioner to that hearing. All of these requests, however, relate directly to Petitioner's Rule 60(b) motion. Indeed, Petitioner specifically states that he seeks a hearing where he can argue that there is a conspiracy against him which prevented him from previously learning that "John Garafalo is and was a Government Agent – not an inmate and was unlawfully placed in at Fairton Camp to" entrap Petitioner. This argument was the centerpiece and main thrust of Petitioners Rule 60(b) motion, which this Court has already denied. Kaplan, 2015 WL 8780289 at *3-4. Because this Court has already denied Petitioner's Rule 60(b) motion, see id., Petitioner's current motion for a hearing and the appointment of counsel to resolve Petitioner's Rule 60(b) motion is moot, and must be denied as such.

## III.  CONCLUSION

For the reasons stated above, Petitioner's motion seeking the appointment of counsel, a hearing, and transportation to that hearing (Docket No. 07-cr-329 at ECF No. 58; Docket No. 08-cr-581 at ECF No. 82; Docket No. 14-cv-1740 at ECF No. 20; Docket No. 13-cv-2554 at ECF No. 25; Docket no. 13-cv-5295 at ECF No. 26; Docket No. 14-cv-1007 at ECF No. 15) is DENIED as moot.  An appropriate order follows.


                                              __s/ Noel L. Hillman_
                                              Hon. Noel L. Hillman,
January 12, 2016                   United States District Judge

At Camden, New Jersey